■ DANIEL W. TIMOTHY et al., Appellants, v TERRY PETERSON et al., Respondents. [608 NYS2d 450] —Order, Supreme Court, Queens County (Robert L. Nahman, J.), entered December 6, 1991, which granted defendant Peterson's motion to dismiss the complaint pursuant to CPLR 3211 and 3024, with leave to serve an amended complaint with respect to the first cause of action within 20 days from the date of entry of the order, unanimously modified, on the law, to the extent of reversing so much thereof as dismissed the second, third and fourth causes of action and limiting leave to replead the first cause of action as to defendant Peterson only and, except as so modified, affirmed, without costs.

This action arises out of personal injuries sustained as a consequence of the collision between automobiles operated by plaintiff Daniel Timothy and defendant Terry Peterson, at 57th Street and Third Avenue in the City and County of New York. It is asserted that the Peterson vehicle was being operated negligently and while the driver was under the influence of alcohol and that defendant Peterson left the scene

of the accident without exchanging license and insurance information. The complaint further alleges that, when Mr. Timothy followed the Peterson vehicle over the Queensborough Bridge and approached it while stopped at the intersection of 24th Street and 43rd Avenue in Long Island City, Queens, he was assaulted by Mr. Peterson and the other defendants who took the leather jacket Mr. Timothy was wearing. The complaint also claims damages on behalf of plaintiff Theresa Timothy for loss of her husband's services.

Defendant Peterson did not interpose an answer, contending that "the aforesaid pleading is vague and ambiguous, so that defendant Peterson cannot reasonably prepare a response to said complaint." The notice of motion sought dismissal of the complaint pursuant to CPLR 3211 and 3024. The other defendants have not appeared in this action and did not join in the motion.

Supreme Court noted that the first cause of action alleges both negligence in the operation of a motor vehicle and assault, finding that "defendant Terry Peterson cannot reasonably frame a response to this portion of the complaint since he cannot be certain of what allegations he was [sic] responding to or what response to make." The court nevertheless granted the motion to dismiss the complaint pursuant to CPLR 3211 without qualification, granting plaintiffs "leave to serve an amended complaint with respect to their first cause of action within 20 days from the date of entry of this order."

We note that while the complaint, fairly read, states causes of action sounding in negligence, assault and conversion, it is by no means clear whether the asserted injury sustained by Daniel Timothy occurred as the result of the alleged collision or the subsequent assault. It is also unclear whether defendant Peterson's application, despite the passing reference to CPLR 3211, sought any more than an order pursuant to CPLR 3024 to conform the statements of the complaint to the requirements of CPLR 3014. Finally, it is unclear that Supreme Court, given the reference to "this portion of the complaint", intended to strike any more than the first cause of action, with leave to replead.

In any event, the moving papers state no basis for dismissal of any portion of the complaint pursuant to CPLR 3211, although the first cause of action for negligent operation of a motor vehicle is appropriately limited to defendant Peterson, the operator of the offending automobile. CPLR 3024 applies to a "motion to correct pleadings" and contemplates an order "for a more definite statement." It is not a basis for dismissal

of a complaint. Finally, there is no basis to dismiss the complaint as against defendants who have not appeared in the action. Concur—Sullivan, J. P., Ross, Asch, Rubin and Tom, JJ.